**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KEVIN TERRY**                                                          **PLAINTIFF**

**V.**                         **CASE NO. 4:18-CV-18-BRW-BD**

**A. WRIGHT**                                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Billy
Roy Wilson. You may file written objections to this Recommendation. If you file
objections, they must be specific and must include the factual or legal basis for your
objection. Your objections must be received in the office of the United States District
Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without
independently reviewing the record. By not objecting, you may also waive the right to
appeal questions of fact.

### II.    Discussion

Kevin Terry, an inmate at the Faulkner County Detention Center, filed this civil
rights lawsuit under 42 U.S.C. § 1983 without the help of a lawyer. (Docket entry #1) Mr.
Terry complains that Defendant Wright improperly opened his legal mail on one
occasion.

Under settled law, prison officials may open and inspect a prisoner's mail to search for contraband outside of the inmate's presence, unless it is privileged legal mail. *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). Privileged legal mail is "mail to or from an inmate's attorney and identified as such." *Gardner*, 109 F.3d at 430. Mail to and from the court does not fall under this narrow definition of privileged legal mail and, therefore, may be opened outside of the inmate's presence. *See Moore v. Rowley*, Case No. 04–1981, 2005 WL 677800 (8th Cir. Mar. 24, 2005) (unpublished opinion) (holding that a prisoner had no constitutional right to have his bankruptcy petition mailed without being inspected first). Furthermore, no constitutional liability arises from an isolated, inadvertent instance of opening incoming confidential legal mail, unless there is evidence of an improper motive or if the conduct interferes with the inmate's right to counsel or to access the courts. *Gardner*, 109 F.3d at 431.

Even if all of the allegations in this complaint are true, Mr. Terry has failed to state a constitutional claim for relief for several reasons. First, he has failed to identify the "legal mail" Defendant Wright allegedly opened improperly, so it is not clear that the mail in question was from Mr. Terry's attorney. Second, according to allegations in the complaint, Defendant Wright opened the mail in Mr. Terry's presence.

Third, even if the mail was from Mr. Terry's attorney and Defendant Wright opened it outside of Mr. Terry's presence, there is no allegation that this was anything other than an isolated incident. Furthermore, there are no allegations to indicate that

Defendant Wright opened the mail with an improper motive or that opening the mail resulted in harm to Mr. Terry's legal position.

## III.    Conclusion

Mr. Terry has failed to state a federal claim for relief. For that reason, the Court recommends that the claims be DISMISSED, without prejudice. The Court also recommends that the Court certify that this dismissal constitutes a "strike" for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). The Court further recommends that Judge Wilson certify that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED this 18th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE